**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:28 PM October 28, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TIMOTHY A. TRBOVICH, JR. | ) | CASE NO. 16-60286 |
| AND HOLLY M. TRBOVICH, | ) | |
| | ) | ADV. NO. 16-6031 |
| Debtors. | ) | |
| _____ | ) | JUDGE RUSS KENDIG |
| TIMOTHY A. TRBOVICH, JR. | ) | |
| AND HOLLY M. TRBOVICH, | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF OPINION** |
| v. | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| KEYBANK N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

  Debtors filed a complaint under 11 U.S.C. § 523(a)(8) on September 23, 2016 and paid a $350.00 filing fee. They now understand that they were not required to pay the filing fee and seek a refund.

  The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for

1

the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157 and the court has authority to issue final entries. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

Bankruptcy fees are governed by 28 U.S.C. § 1930. That provision establishes certain fees, including case filing fees. Under § 1930(b), it also empowers the Judicial Conference to "prescribe additional fees in cases under tile of 11." Fees established under this authorization are set forth in the Bankruptcy Court Miscellaneous Fee Schedule ("Fee Schedule").[1] The $350.00 fee for filing an adversary complaint is found under number six of the Fee Schedule, which states, in applicable part, "this fee must not be charged if—the debtor is the plaintiff." Clearly, there is a fee for filing an adversary complaint which is not due from a debtor-plaintiff.

Looking at the above, the matter seems straightforward. However, the court must also consider Local Bankruptcy Rule 5080-1(a), which sets forth the general rule on fee refunds, which are not discussed in either § 1930 or the Fee Schedule. The rule states

> Neither the Clerk nor a judge has the authority to permit a refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.

To grant Debtors' refund motion, the court must find that the fee was either (1) collected without authority, or (2) due to a clerk's office administrative error. This rule echos language from the Bankruptcy Fee Compendium III ("Fee Compendium"),[2] a guide to bankruptcy fees and the clerk's office procedures for collecting fees and providing services. Its discussion of fee refunds includes the following:

> **Prohibition Against Refunding Filing Fees.** The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the

---

1 http://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule
2 Available at https://www.ohnb.uscourts.gov/sites/default/files/file-list/feecompendium_0.pdf (as of October 24, 2016).

case is closed. Consequently, the clerk must refund a fee to
reopen if the parties discovery later that the case was open.

Fee Compendium Part A(8). The court is left to determine whether the fee was the result of clerk's office administrative error or collected without authority.

The fee was the result of inaction by Debtors when the adversary complaint was filed. As part of the electronic filing process, a fee field appeared. Debtors should have "zeroed out" the field to avoid the charge, meaning they should have overridden the number in the box with a "0" in order to avoid the fee. They did not do so and thereby incurred the $350 fee. This was not the result of an administrative error by the clerk's office but was the result of filer error. Consequently, Debtors are entitled to a refund only if the court can find the fee was charged without authority.

Two sister courts have found in favor of debtors on similar facts. Richmond v. Nat'l Collegiate Student Loan Tr. 2007-2 (In re Richmond), 2015 WL 5333812 (Bankr. N.D. Ohio 2015); Lofton v. Roll (In re Lofton), 2016 WL 1179245 (Bankr. N.D. Ohio 2016). The Richmond court refused to consider the Fee Compendium, however, because it had been removed from the website and it was not publicly available. Since Lofton relies on Richmond, it also failed to consider the Fee Compendium. The Fee Compendium has since been restored to the website and is once again available to view. The court will therefore take it into consideration.

Part G of the Fee Compendium covers fees for filing adversary proceedings. Section 1 states "**Fees Due.** The fee is $350. The clerk must collect the fee when the plaintiff files the complaint." (footnotes omitted) This provides authority for the clerk to collect an adversary filing fee. Subpart C covers the exceptions to the general rule:

> C. **Exceptions to the Fee.** No fee is due from either the Debtor or the Unites States.
>
> **(1) No Fee is Due When Either a Debtor in Possessions Acting for the Benefit of an Individual Debtor or an Individual Debtor Initiates an Adversary Proceeding.** When the debtor initiates an adversary proceeding, either by original process or by removal, no filing fee is due.

(footnotes omitted).

Two conceivable views result from the above. The court could take the position that the Fee Compendium provides the authority for the filing fee and it is up to the filer to understand when it is not due and take appropriate action to avoid a fee that is not due, resulting in denial of Debtors' motion. Alternatively, since both the Fee Compendium and Local Rule 5080-1 only prevent refunds of "fees due" upon filing, and Part (C)(1) of the Fee Compendium states no fee is due from a debtor filing an adversary, it could find a refund is permissible and grant the

3

motion.

In this case, the court will allow the refund but Debtors, and counsel, are advised that the court may decline if errors continue in the future. The motion will be granted by separate order to be entered immediately.

#    #    #


**Service List:**

Kenneth L. Sheppard, Jr.
Sheppard Law Offices Co LPA
Belden Village Tower, Ste. 200
4450 Belden Village St., NW
Canton, OH 44718