IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>TIMOTHY A. TRBOVICH<br>and HOLLY M. TRBOVICH,<br><br>　　　Debtors. | CHAPTER 13<br><br>CASE NO. 16-60286 |
| TIMOTHY A. TRBOVICH<br>and HOLLY M. TRBOVICH,<br><br>　　　Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT<br>LOAN TRUST TRANSWORLD<br>SYSTEMS, INC., *et al.*,<br><br>　　　Defendants. | ADV. NO. 16-06031-rk<br><br>JUDGE RUSS KENDIG |

**DEFENDANT, NATIONAL COLLEGIATE STUDENT LOAN TRUST TRANSWORLD SYSTEMS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Defendant, National Collegiate Student Loan Trust Transworld Systems, Inc., ("NCSLT"), pursuant to Rule 7056, hereby moves for summary judgment and submits this memorandum of points and authorities in support, and states:

I. **INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff Timothy Trbovich obtained a $10,000 loan on August 26, 2006 2007 from JP Morgan Chase to attend Stark State College of Technology. Luke Aff., at Ex. A. JP Morgan Chase assigned the loan to NCSLT on March 8, 2007. Id., at ¶ 15.

1

Plaintiff is currently employed as a customer service/ call center administrator – co-Plaintiff Holly Trbovich is unemployed and unable to work due to her health conditions. Doc. 1, Plaintiffs' Complaint. Their combined income was $39,008 in 2015, $52,831 in 2014, and $41,539 in 2013. They currently reside at her parent's house with their three minor sons, and do not contribute any amount towards rent.

There are no material facts in dispute. Because plaintiffs cannot show undue hardship to discharge Timothy Trbovich's student loan under 11 U.S.C. § 523(a)(8) and there are no triable issues of fact, summary judgment should be granted in favor of NCSLT.

## II. <u>LEGAL STANDARDS</u>

### a. Summary Judgment.

Summary judgment is appropriate when "no genuine dispute as to any material fact" requires trial. Fed. R. Civ. P. 56(a). When considering a summary judgment motion, the Court must examine all the evidence in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If the moving party does not bear the burden of proof at trial, it may discharge the burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing of an element of its case with respect to which it has the burden of proof. *Id.* at 323; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102, 1106 (9th Cir. 2000).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party may not "rest on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 259. Instead, the non-moving party must go beyond the pleadings to designate specific facts showing the existence of genuine issues for trial. *Celotex*, 477 U.S. at 324-25.

A genuine issue exists only when a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247-49. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87; *see Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985) (the role of summary judgment "is to enable the district courts to identify meritless suits and dispense with them short of trial."). "[T]he moving party is entitled to a judgment as a matter of law" when the nonmoving party fails to make a sufficient showing on an essential element of its case. *Celotex*, 477 U.S. at 323; *Nissan Fire & Marine*, 210 F.3d at 1102.

**b. Student Loans Are Presumed Not Discharged.**

Generally, student loan obligations are presumed to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8), which provides:

> A discharge under section 727 . . . does not discharge an individual debtor from any debt-unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents, for (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend.

11 U.S.C. § 523(a)(8)(A).

To determine if excepting student loans from discharge will create an undue hardship on a debtor, the Sixth Circuit has adopted the three-part test established by the Second Circuit in *Brunner v. New York State Higher Education Serv. Corp.*, 831 F.3d 395 (2d Cir. 1987). *In re Oyler*, 397 F.3d 382 (6th Cir. 2005). The *Brunner* test states that to obtain a discharge of a student loan obligation for undue hardship, the debtor must prove:

1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396. Under this test, the burden of proving undue hardship is on the debtor, and the debtor must prove all three elements before discharge can be granted. *Nys v. Educ. Credit Mgmt. Corp.* (*In re Nys*), 308 B.R. 436, 441–42 (9th Cir. BAP 2004), *aff'd*, 446 F.3d 938 (9th Cir. 2006). If the debtor fails to prove any one of the three prongs then the debt will not be discharged. *Id.*

## III. DISCUSSION

### a. Plaintiffs Cannot Meet Their Burden to Show Undue Hardship.

Plaintiffs cannot show, by a preponderance of the evidence, that they are entitled to a discharge under the *Brunner* test. "Moreover, this test must be strictly construed: equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis of 'undue hardship.'" *In re Brightful,* 267 F.3d 324, 328 (3d Cir.2001) (citation omitted). The standard that plaintiffs "must meet to discharge Timothy Trbovich's student loan is high and difficult to meet." *In re Rumer,* 469 B.R. 553,563 (Bankr. M. D. Penn. 2012). As stated by the Ninth Circuit, a presumption that a debtor's financial condition will improve, stating:

> We do not presume that an individual's present inability to make loan payments will continue indefinitely. Rather, we hold that the burden is on the debtor to provide the court with additional circumstances, i.e., "circumstances, beyond the mere current inability to pay, that show that the inability to pay is likely to persist for a significant portion of the repayment period. The circumstances need be 'exceptional' only in the sense that they demonstrate insurmountable barriers to the debtors' financial recovery and ability to pay." . . .
> We will presume that the debtor's income will increase to a point where [the debtor] can make payments and maintain a minimal standard of living; however, the debtor may rebut that presumption with "additional circumstances" indicating that her income cannot reasonably be expected to increase and that her inability to make payments will likely persist throughout a substantial portion of the loan's repayment period.

*In re Nys*, 446 F.3d 938, 946 (9th Cir. 2006) (citations omitted).

Despite the fact-intensive nature of the "undue hardship" inquiry, summary judgment is appropriate where the relevant facts are uncontroverted, and no questions remain on controlling legal issues. *In re Rice,* 78 F.3d 1144, 1148 (6th Cir.1996).

### i. First Prong of the *Brunner* Test.

5

Under the first prong of the *Brunner* test, the Plaintiffs must demonstrate that they cannot maintain, based on their current income and expenses, a minimal standard of living if forced to repay Timothy Trbovich's student loan. The relevant date for determining whether the Plaintiffs have met the minimal-standard-of-living prong is the date of trial. *See Sorber v. New York State Higher Educ. Servs. Corp. (In re Sorber),* 358 B.R. 68, 74 (Bankr.N.D.N.Y.2006); *Cota v. United States Dep't of Educ. (In re Cota),* 298 B.R. 408, 414 (Bankr.D.Ariz.2003).

The contours of the phrase "minimal standard of living" should be roughly defined as follows:

> [A] minimal standard of living in modern American society includes these elements:
>
> 1) People need shelter, shelter that must be furnished, maintained, kept clean, and free of pests. In most climates it also must be heated and cooled.
>
> 2) People need basic utilities such as electricity, water, and natural gas. People need to operate electrical lights, to cook, and to refrigerate. People need water for drinking, bathing, washing, cooking, and sewer. They need telephones to communicate.
>
> 3) People need food and personal hygiene products. They need decent clothing and footwear and the ability to *327 clean those items when those items are dirty. They need the ability to replace them when they are worn.
>
> 4) People need vehicles to go to work, to go to stores, and to go to doctors. They must have insurance for and the ability to buy tags for those vehicles. They must pay for gasoline. They must have the ability to pay for routine maintenance such as oil changes and tire replacements and they must be able to pay for unexpected repairs.

5) People must have health insurance or have the ability to pay for medical and dental expenses when they arise. People must have at least small amounts of life insurance or other financial savings for burials and other final expenses.

6) People must have the ability to pay for some small diversion or source of recreation, even if it is just watching television or keeping a pet.

*Wallace v. Educ. Credit Mgmt. Corp. (In re Wallace),* 443 B.R. 781, 787–88 (Bankr.S.D.Ohio 2010) (quoting *Ivory v. United States (In re Ivory),* 269 B.R. 890, 899 (Bankr.N.D.Ala.2001)).

Another bankruptcy court made the following helpful observation regarding the *Ivory* factors:

> I find the list set forth in *Ivory* a helpful starting point in assessing the contours of a minimal standard of living. While reference to the *Ivory* list is helpful in the minimal standard of living inquiry, courts should be careful not to apply it mechanically or inflexibly. Rather, in appropriate circumstances, the court must be prepared to depart from the list based on its own experiences, common sense, knowledge of the surrounding area and culture, and assessment of the reasonableness of what debtor claims he or she needs. In addition, what is minimal can and probably should change over time (*e.g.,* with new technology driving down the costs of things that might have previously been cost prohibitive).

*Miller v. Sallie Mae, Inc. (In re Miller),* 409 B.R. 299, 312 & n. 26 (Bankr.E.D.Pa.2009).

In addition, courts have held that "minimal" does not mean "preexisting" (*i.e.,* the lifestyle the debtor has been living) or "comfortable," but also does not mean "reduced to poverty." *See, e.g., Educ. Credit Mgmt. Corp. v. Stanley,* 300 B.R. 813, 818 (N.D.Fla.2003); *Campton v. U.S. Dep't of Educ. (In re Campton),* 405 B.R. 887, 891 (Bankr.N.D.Ohio 2009) ("While a minimal standard of living does not mandate that a debtor live in poverty to qualify for a discharge of their student-loan obligation, it does

7

mean that the debtor is expected to do some financial belt-tightening and forego amenities to which he may have become accustomed."). Debtors must demonstrate that they have taken steps to maximize their income and minimize their expenses. *See Tenn. Student Assistance Corp. v. Hornsby (In re Hornsby),* 144 F.3d 433, 438 (6th Cir.1998).

Plaintiffs cannot prove that they cannot maintain a "minimal" standard of living if they are required to repay Timothy Trbovich's student loan to NCSLT. Plaintiffs are only in their mid-thirties, and although they have three children, they receive child support from Holly Trbovich's former spouse. Plaintiff Timothy Trobovich has a full-time job where he earns in excess of $41,000 per year, and has no housing or rental costs as they live with her parents. Plaintiff Timothy Trbovich has no long term disability or lack of work, and plaintiffs have surplus income, even after paying all necessary expenses. *See e.g. In re Shells,* 530 B.R. 758 (Bankr. E.D. Cal. 2015) (finding that expenses "such as entertainment, meals out, and vacation" can disqualify a debtor under the *Brunner* test). Their annual income exceeds the federal poverty guidelines *for a family of five* issued by the U.S. Department of Health and Human Services. *See* https://aspe.hhs.gov/poverty-guidelines ($12,060 per year is the poverty line for a single person, and $28,780 per year is the poverty line for a family of five, in the contiguous United States for 2017). Under these circumstances, plaintiffs cannot prove that they cannot maintain a "minimal" standard of living if they are required to repay Timothy Trbovich's student loan to NCSLT. As such, summary judgment is warranted.

**ii. Second Prong of the *Brunner* Test.**

The second prong requires the debtor to prove that "additional circumstances" exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. As held by the Sixth Circuit:

> [s]uch circumstances must be indicative of a "certainty of hopelessness, not merely a present inability to fulfill financial commitment." They may include illness, disability, a lack of useable job skills, or the existence of a large number of dependents. And, most importantly, they must be beyond the debtor's control, not borne of free choice. Choosing a low-paying job cannot merit undue hardship relief.

*In re Oyler*, 397 F.3d 382, 386 (6th Cir. 2005) (citations omitted).

Here, the record establishes that there is no impairment to Plaintiff Timothy Trbovich's ability to make student loan payments and maintain a minimal standard of living. Thus, plaintiffs cannot show insurmountable barriers to financial recovery or that they have an inability to pay Timothy Trbovich's student loan.

### iii. Third Prong of the *Brunner* Test.

Finally, the third and final prong of the Brunner Test asks whether the debtor made a good faith effort to repay the student loans. The requirement serves the goal of helping to ensure that a debtor acts responsibly toward their creditor given that educational loans are extended without regards to a debtor's creditworthiness, with the expectation that the debtor will use their education to obtain remunerative employment so as to be able to repay the debt. *Stupka v. Great Lakes Educ. (In re Stupka),* 302 B.R. 236, 243 (Bankr.N.D.Ohio 2003).

Based on its focus on a debtor's efforts at repayment, inherent in any good-faith analysis under the third prong of the Brunner test is whether and the extent to which the

9

16-06031-rk    Doc 49    FILED 09/28/17    ENTERED 09/28/17 16:13:28    Page 9 of 12

debtor actually made any voluntary payments on the obligation. *Morrow v. U.S. Dep't of Educ. (In re Morrow),* 366 B.R. 774, 779 (Bankr.N.D.Ohio 2007). To that end, this Court has previously observed that the concept of good faith—which envisions, where possible, compliance with one's duties—will not prominently spring forth in the type of situation now before the Court, where only a limited number of voluntary payments have been made on the student-loan obligation. Still, it has also been observed that "good faith," is an amorphous concept, and therefore is largely dependent upon the differing circumstances of each case. *Id.* As such, whether a debtor has made payments on a student-loan obligation will not always be dispositive. *Id.* Good faith as applied in the context of § 523(a)(8) envisions that a debtor will have done everything reasonably within their power to maximize their income. *Educational Credit Mgmt. Corp. v. Mosko (In re Mosko),* 515 F.3d 319, 324 (4th Cir.2008).

Here, plaintiff Timothy Trbovich has not made any good faith efforts at satisfying this obligation, which shows a lack of good faith necessary to obtain discharge. Thus, summary judgment is warranted in NCSLT's favor.

### **CONCLUSION**

On this basis, NCSLT requests that the Court grant summary judgment in NCSLT's favor, dismissing with prejudice Plaintiffs' adversary complaint to determine dischargeability of Timothy Trbovich's NCSLT student loan, and for other relief as appropriate.

    Respectfully Submitted,

    /s/ Robert R. Knirsch

Robert G. Knirsch (OH Bar # 0080770)
Sessions, Fishman, Nathan & Israel, LLC
2647 Eaton Road
University Heights, OH 44118
Telephone: (216) 331-1308
Facsimile: (216) 220-4937
E-mail: rgknirsch@sessions.legal

*Attorney for Defendant,*
*National Collegiate Student Loan Trust*
*Transworld Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 28, 2017, a true and correct copy of *Defendant, National Collegiate Student Loan Trust Transworld Systems, Inc.'s Motion for Summary Judgment* was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Kenneth L. Sheppard, Jr., Esq.
4450 Belden Village Street, Suite 200
Canton, OH 44718
Email: ken@sheppardlawoffices.com
*Attorney for Plaintiffs*

Milos Gvozdenovic, Esq.
Weltman, Weinberg, & Reis Co., L.P.A.
965 Keynote Circle
Brooklyn Heights, OH 44131
Email: mgvozdenovic@weltman.com
*Attorney for KeyBank, N.A.*

Neil D. Schor, Esq.
Harrington, Hoppe & Mitchell, Ltd.
26 Market Street, Suite 1200
Youngstown, OH 44501-6077
Email: nschor@hhmlaw.com
*Attorney for Educational Credit Management Corporation*

/s/ Robert R. Knirsch
Robert G. Knirsch (OH Bar # 0080770)
Sessions, Fishman, Nathan & Israel, LLC
2647 Eaton Road
University Heights, OH 44118
Telephone: (216) 410-8739
Facsimile: (216) 823-0524
E-mail: rgknirsch@sessions.legal
*Attorney for Defendant,*
*National Collegiate Student Loan Trust*
*Transworld Systems, Inc.*