**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:13 PM November 16, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| TIMOTHY A. TRBOVICH, | ) | CASE NO. 16-60286-rk |
| HOLLY M. TRBOVICH | ) | |
| | ) | ADV. NO. 16-6031-rk |
| Debtors. | ) | |
| _____ | ) | JUDGE RUSS KENDIG |
| TIMOTHY A. TRBOVICH, | ) | |
| HOLLY M. TRBOVICH | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF OPINION** |
| v. | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| NATIONAL COLLEGIATE | ) | |
| STUDENT LOAN TRUST | | |
| TRANSWORLD SYSTEMS, INC., | | |
| *et al*, | | |
| Defendants. | | |

Now before the court is Defendant's motion for summary judgment brought pursuant to Bankruptcy Rule 7056. Plaintiff opposes the motion.

1

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On August 26, 2006, Timothy Trbovich ("Plaintiff") obtained a private loan in the amount of $10,000 from JP Morgan Chase Bank, N.A., disbursed in two payments of $5,000. The loan was intended to pay for educational expenses, allowing Plaintiff to attend Stark State College of Technology. On March 8, 2007, two months after the second disbursement, JP Morgan Chase assigned the loan to National Collegiate Student Loan Trust Transworld Systems, Inc. ("NCSLT").

The Trbovichs filed for Chapter 13 bankruptcy on February 23, 2016. At that time, he was working at a company called TruBrudge, Inc., where he worked as a call center administrator earning $19/hr. His wife, Holly Trbovich, has not worked since early 2015. The Trbovichs were, and still are, living with Plaintiff's parents, along with their three children.

Plaintiff commenced this adversary complaint on September 23, 2016, seeking dischargeability under 11 U.S.C. § 523(a)(8). Defendant answered the complaint, requesting dismissal.

The above facts were enumerated and agreed to by both Defendant and Plaintiff. However, Plaintiff's response and exhibits relayed additional facts for consideration. Though Defendant refers to Plaintiff's $19/hr job, which would deliver an annual income around $41,000, as a primary disqualifying factor for dischargeability, Plaintiff is no longer at that job. Instead, after his position with TruBridge was eliminated, he began work as a merchandiser with Esber Beverage Co. in April 2017, where he earns $13/hr. His wife is still unemployed, though Plaintiff now offers the explanation that she had recently attempted to work at the Canton Joint Recreation District, but found that even a job as a seated greeter was not feasible due to her multiple health conditions. She quit after only a few months. In May of 2017, Holly's child support also decreased from $613.42 per month to $288.76 per month. Schedule J of the amended petition now shows a net monthly income of only $40. Plaintiff asserts that this low income is the reason why they still live with his parents.

Due to these changes in circumstance, Plaintiffs converted their case to a Chapter 7 bankruptcy on August 2, 2017.

## DISCUSSION

Federal civil procedure rules regarding summary judgment apply also in adversary proceedings. Fed. R .Bankr. Pro. 7056. In order to succeed on a motion for summary judgment, the movant must show that "there is no dispute as to any material fact," and that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56. In considering the motion, the court must view the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). If the moving party meets her burden of showing the absence of genuine issues of fact, the burden shifts to the nonmoving party to establish the existence of a fact requiring trial. Automated Sol. Corp., v. Paragon Data Sys., Inc., 756 F.3d 504, 521 (6th Cir. 2014) (citation omitted). Such a material fact is one having the potential to affect the outcome of the proceeding. Rieser v. Hayslip (In re Canyon Sys. Corp.), 343 B.R. 615, 629 (Bankr. S.D. Ohio 2006).

Student loans are presumptively nondischargeable. However, Plaintiffs in this case have claimed that the student loan debt owned by Defendant is dischargeable, under 11 U.S.C. § 523(a)(8), as exception from dischargeability would "impose an undue hardship on the debtor." The central question then is whether there exists a dispute as to any material fact that would help prove or disprove the alleged undue hardship.

The framework within which undue hardship claims are analyzed is the three-prong test laid out in Brunner v. New York State Higher Education Serv. Corp., 831 F.3d 395-96 (2d Cir. 1987), which states that a debtor must show that:

(1) he cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans;
(2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the students loans; and
(3) he has made good faith efforts to repay the loan.

The debtor must prove all three elements in order to be granted discharge. Nys v. Educ. Credit Mgmt. Corp. (In re Nys), 308 B.R. 436, 441-42 (9th Cir. BAP 2004), *aff'd*, 446 F.3d 938 (9th Cir. 2006).

Defendant provides an explanation of the concept of "minimal standard of living," which includes components such as being able to afford shelter, basic utilities, food, clothing, hygiene products, transportation, health insurance, and modest means of recreation. However, the ensuing analysis, in which Defendant applies those factors to the Plaintiffs' living situation, is likely at least partially moot, as the facts upon which that analysis is based have substantially changed. For instance, Defendant refers to Plaintiff Timothy's job as earning "in excess of $41,000 per year," when in fact, their federal tax return for 2016 shows a decrease to $35,334. Defendant also refers to "surplus income," which Plaintiffs' amended petition shows to be only $40 per month. Defendant also does not make any reference to the serious and myriad medical issues from which Plaintiff Holly claims to suffer. As Defendant's argument is supported by outdated and incomplete facts, this court cannot agree that Plaintiffs "cannot prove" the first prong of the

3

Brunner test. Defendant's Motion for Summary Judgment, p. 8.

The second prong of the test requires that debtor show that the circumstances which make him unable to maintain a minimal standard of living are also likely to persist for a sizable period within the life of the loan. The Sixth Circuit has given examples of such circumstances that include "illness, disability, lack of useable job skills, or the existence of a large number of dependents." In re Oyler, 397 F.3d 382, 386 (6th Cir. 2005). The circumstances must exist "beyond debtor's control," and not merely as a product of, say, intentionally choosing a low-paying job. Id. Defendant argues that because "the record establishes . . . no impairment" to Plaintiff's ability to make loan payments and maintain a minimal standard of living, this second prong is proven by default. Defendant does not mention any specific facts, nor analogize any of the above-mentioned examples of additional circumstances to Plaintiffs' situation. Given that there exists an issue of material fact regarding Plaintiffs' ability to satisfy the first prong, and the fact that Defendant's second-prong analysis is merely a reiteration of the first-prong analysis, Defendant has not shown a lack of dispute as to material fact.

Finally, the third prong requires that the debtor show he has made a good faith effort to repay the loan. In effect, this asks whether and to what extent any payments have been made. Morrow v. U.S. Dep't of Educ. (In re Morrow), 366 B.R. 774, 779 (Bankr. N.D. Ohio 2007). Good faith is a difficult concept to pin down, and its evaluation depends largely upon individual circumstance. Here, Plaintiffs made one payment of $676.66 during their Chapter 13 bankruptcy case, after having previously requested two forbearances from Defendant. Though Defendant is correct in pointing out that the mere existence of payments does not automatically establish good faith, that fact is a far cry from the notion that paying only once materially and indisputably proves its absence. On these facts, Defendant has not established a lack of dispute as to material fact.

Defendant has not carried its burden, failing to show that there exists no dispute as to any material fact in this case. As such, the court will deny Defendant's motion for summary judgment by separate order.

#  #  #

**Service List:**

**Timothy & Holly Trbovich**
4207 2nd Street N.W.
Canton, OH 44708

**Kenneth L. Sheppard, Jr.**
Belden Village Tower, Suite 200
4450 Belden Village St. N.W.
Canton, Oh 44718

**National Collegiate Student Loan Trust Transworld Systems**
5100 Peachtree Industrial Boulevard
Norcross, GA 30091

**Robert Glenn Knirsch**
2647 Eaton Road
University Heights, OH 44118